UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUIWANECA SPIKES,<br><br>        Plaintiff,<br><br>    v.<br><br>LYNCH, et al.,<br><br>        Defendants. | Case No. 2:25-cv-02041-CDS-MDC<br><br>**ORDER** |

On October 21, 2025, pro se plaintiff Quiwaneca Spikes, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) Plaintiff's IFP application is incomplete because it is not accompanied by a financial certificate and an inmate trust fund account statement for the previous six-month period. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct this deficiency by **December 22, 2025**.

I.   DISCUSSION

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for IFP status, the inmate must submit all three of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month**

**period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.  CONCLUSION

It is therefore ordered that Plaintiff's incomplete IFP application (ECF No. 1) is denied without prejudice.

It is further ordered that Plaintiff has **until December 22, 2025**, to either pay the full $405 filing fee or file a fully complete IFP application with all three of the following required documents:

   (i) a completed application with the inmate's two signatures on page 3,

   (ii) a completed financial certificate that is signed both by the inmate and the prison or jail official, and

   (iii) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complete IFP application or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Quiwaneca Spikes this Court's approved form application to proceed *in forma pauperis* for an inmate with instructions.

DATED: October 27, 2025

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE